**YING LI, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 10–88–ag.**

United States Court of Appeals, Second Circuit.

Jan. 31, 2011.

Ying Li, pro se.

Tony West, Assistant Attorney General; Kathryn Deangelis, Acting Senior Litigation Counsel; Terri J. Scadron, Assistant Director; Lauren Ritter, Law Clerk, Of-

fice of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present: RALPH K. WINTER, ROBERT A. KATZMANN, and BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Ying Li, a native and citizen of the People's Republic of China, seeks review of a December 14, 2009 order of the BIA, affirming the January 22, 2008 decision of Immigration Judge ("IJ") Brigitte Laforest, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ying Li,* No. A099 539 852 (B.I.A. Dec. 14, 2009), *aff'g* No. A099 539 852 (Immig. Ct. N.Y. City Jan. 22, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA's decision. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008); *Shu Wen Sun v. BIA,* 510 F.3d 377, 379–80 (2d Cir.2007). Where, as here, the application is governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether "an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008); *Matter of J–Y–C–,* 24 I. & N. Dec. 260, 265 (BIA 2007). Here, we conclude that the agency's adverse credibility determination was supported by substantial evidence.

In finding Li not to be credible, the agency reasonably relied on several inconsistencies in his testimony. First, the agency noted that Li's testimony was inconsistent with respect to whether he had reported to the police following his release from detention every month, as they had requested, or only once. Although Li, when questioned by the IJ as to this inconsistency, explained that he might not have heard or understood the question, the agency was entitled to disregard this explanation, as it would not necessarily be compelling to a reasonable factfinder. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (holding that an agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Although Li attempts to resolve this apparent discrepancy in a different way before this Court, arguing that the Chinese words for "awhile" and "once" are similar, we decline to address this argument because, as the Government points out, Li failed to raise it before the BIA. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 122 (2d Cir.2007).

Next, the agency noted discrepancies in Li's testimony as to how he obtained his national identification card while in hiding. Li testified that he went into hiding in Shandong—which is a two-hour plane flight from his village—for three months, beginning in October 2005. He also testified that he had personally applied for his identification card at his local police station about a month before he obtained the card, which states that it is valid beginning on December 20, 2005. Thus, Li's testimony that he obtained the card in November 2005 raised the question of how he could have applied for the card in person at his

local police station when he was ostensibly in hiding in Shandong during this time.

Contrary to Li's argument that the IJ and the Government failed to "probe" for details with respect to this discrepancy, when the IJ questioned Li about this inconsistency, Li responded that a friend picked up the identification from the police station on his behalf, because Li was working as a cook in Fujian at the time. Then, when questioned by the Government's counsel, Li indicated that he personally went to the police station to apply for the card, but was unable to explain how he applied for his card at his local police station given his prior testimony that he was in hiding in Shandong at the time. The agency properly referred to these discrepancies to support its adverse credibility finding. Moreover, as the BIA observed, Li's responses when pressed on this apparent contradiction were themselves inconsistent, further supporting such a finding.[1]

In addition, the agency noted that although Li testified that the police had come to his house and questioned his mother as to his whereabouts five or six times after he fled his hometown, his mother failed to mention these visits in a letter she wrote in support of his claim. Although Li attributed the omission to his mother's lack of education, the agency was not required to credit that explanation. *See Majidi*, 430 F.3d at 80–81. Moreover, contrary to Li's assertion that the omission in his mother's letter is not a proper basis for an adverse credibility determination, the agency did not err in relying, in part,

on this ground. *See Xiu Xia Lin*, 534 F.3d at 166 n. 3 (noting that an "omission in a document submitted to corroborate the applicant's testimony, like a direct inconsistency ..., can serve as a proper basis for an adverse credibility determination").

Finally, the agency noted that Li's asylum application did not mention that he was in hiding for three months in Shandong, as he testified at the hearing. Although Li argues that he omitted this fact because three months is a short period of time, under the REAL ID Act, the agency did not err in basing its adverse credibility determination in part on this inconsistency, because the "totality of the circumstances" supported its finding. *Xiu Xia Lin*, 534 F.3d at 166 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii) (internal quotation marks omitted)).

In light of the agency's reasonable adverse credibility finding, it did not err in denying Li's applications for relief based on his Falun Gong claim. *See id.* at 167; *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006) (holding that the agency need not analyze separately a withholding of removal claim based on the same facts as an applicant's asylum claim); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005) (same, with respect to CAT).

Li also asserts before this Court that his asylum claim is based on his fear of sterilization. As he failed to raise this claim before the BIA, however, we decline to address the issue. *See Lin Zhong*, 480

---

1. On appeal, Li argues for the first time that China's customary identification card practices and procedures could explain why Li was able to obtain his identification card while he was in hiding in Shandong or working in Fujian, because, he asserts, the date of validity on the card might not correspond with the day that the card was obtained and because the card did not necessarily need to be picked up in person. This explanation was not offered to the agency, and therefore we decline to consider it. *See Lin Zhong*, 480 F.3d at 122. Even if we were to consider this explanation, the fact remains that Li provided inconsistent testimony about his whereabouts at this time.

F.3d at 122. Finally, contrary to Li's contention that the agency failed to adequately address his CAT claim based on his illegal departure, the agency did not err in denying Li protection under the CAT, as Li provided no evidence that he would face torture due to his illegal departure. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003); *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005).[2]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

2. In the concluding sentence of his brief, Li requests that we remand the case so that he may have a chance to submit new evidence in support of his "other resistance" claim. We deny that request because Li never substantially raised such a claim before the agency. *See Lin Zhong,* 480 F.3d at 122.